UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

-FILED-

NOV 07 2024

At _____ M
Chanda J. Berta, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 3:24-cr-84 CCB |
| ) | |
| MYRON SHAW ) | |

## PETITION TO ENTER A PLEA OF GUILTY

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, comes now the United States of America, by its counsel, Clifford D. Johnson, United States Attorney for the Northern District of Indiana, through Lydia T. Lucius, Assistant United States Attorney, and the defendant, Myron Shaw, and Charles Hayes, as attorney for the defendant, and show the Court they have entered into a plea agreement as follows:

1. My true name is MYRON SHAW, and I request that all proceedings against me be had in the name which I here declare to be my true name.

2. I was born in the United States. I have attended school and I have the ability to read, write and speak the English language.

3. I am represented by counsel and my lawyer's name is Charles Hayes.

4. I have received a copy of the Information in this case and have read and discussed the charges with my lawyer and believe and feel that I understand every accusation made against me in this case.

5. I have told my lawyer the facts and surrounding circumstances as known to me concerning the matters mentioned in the Indictment and believe and feel that my lawyer is fully informed as to all such matters. My lawyer has since informed me and counseled and advised with me as to the nature and cause of every accusation against me and as to any possible defenses I might have in this case.

6. I understand that I am entitled to have all of my rights which may be involved in this matter explained to me, and that I have the right to have any questions I may have answered for me.

7. I understand that I have a right to plead NOT GUILTY to any offense charged against me, and that under a plea of NOT GUILTY the Constitution guarantees me:

    (a) the right to a speedy and public trial by a twelve-person jury of my peers, selected according to law, in the Northern District of Indiana which must return a unanimous verdict of GUILTY before I can be convicted;

    (b) the right to be released on reasonable bail until my trial occurs;

    (c) the right to see, hear and cross-examine all the witnesses against me at my trial;

    (d) the right to use the power and process of the Court to compel the production of any evidence, including the attendance of any witnesses, in my favor at my trial;

(e) the right to the assistance of counsel at every stage of the proceedings, including upon an appeal if need be;

(f) the right not to testify without prejudice; and,

(g) that in the event that I should be found GUILTY of the charge against me, I would have the right to appeal my conviction on such charge to a higher court.

8. I understand, also, that if I plead GUILTY, I waive the right to trial by jury in any and all proceedings in this case and all of the other rights mentioned above. I understand that I am waiving my right to be charged by way of indictment by pleading GUILTY to the Information.

9. Notwithstanding the above, I have, with the assistance of counsel, entered into an agreement with the United States Attorney's Office for the Northern District of Indiana as follows:

    (a) I agree to plead guilty to the Information, which charges me with making a false statement during the attempted acquisition of a firearm from a licensed federal firearms dealer, in violation of Title 18, United States Code, Section 922(a)(6). I agree to plead guilty because I am, in fact, GUILTY of this offense.

    (b) I understand that in order for the Court to accept my guilty plea, the Court must receive what is called a factual basis. I agree that the following facts are true and that they shall form the factual basis for my guilty plea:

        On August 2, 2024, in Mishawaka in the Northern District of Indiana, I entered a Federally Licensed Firearms Dealer ("FFL 1") and requested to see a Ruger rifle. When the salesperson handed me the rifle, I held the firearm and shouldered it while looking at the sight picture. After giving the rifle back to the salesperson, I requested to put the firearm on layaway. On October 3, 2024, I returned to FFL 1

3

to furnish payment for the Ruger rifle. I filled out and signed ATF Form 4473 in my attempt to acquire the rifle, certifying that I had not ever been convicted in any court of a felony offense. This was a knowing false statement because in fact, on June 24, 2009, I was sentenced to 12 years in the Indiana Department of Correction in Vanderburgh County Case No. 82C01-0809-FA-01055 for Burglary. Because I am a convicted felon, I was denied transfer of the Ruger rifle. My false statement on ATF Form 4473 about never having been convicted of a felony was intended or likely to deceive FFL 1 with respect to a fact material to the lawfulness of the sale of the firearm to me.

(c) I understand that the maximum possible penalty that may be imposed on me for my conviction of making a false statement during the attempted acquisition of a firearm from a licensed federal firearms dealer is a term of imprisonment not to exceed 10 years, a fine not to exceed $250,000.00, or a combination of both imprisonment and a fine, to which may be added a term of supervised release not to exceed 3 years, plus a special assessment of $100.00 in addition to any other penalty imposed.

(d) I understand that under the U.S. Sentencing Guidelines, the Court, in light of an investigation by the United States Probation Office, will determine the applicable sentencing guideline range, and that the Court will determine all matters, whether factual or legal, relevant to the application of the sentencing guidelines including, but not limited to, the adjusted offense level, the relevant circumstances in the case, the criminal history points and category, relevant conduct, the grouping of offenses, victim-related adjustments, role in the offense adjustments, career offender status, criminal livelihood and acceptance of responsibility as well as possible departures from the application of the U.S. Sentencing Guidelines. I understand that the U.S. Sentencing Guidelines are advisory only, and that the specific sentence to be imposed upon me will be determined by the judge after a consideration of a pre-sentence investigation report; input from counsel for myself, from the government, and from me; federal sentencing statutes; and the U.S. Sentencing Guidelines.

(e) I understand that the law gives a convicted person the right to appeal the conviction and the sentence imposed. I also understand that no one can predict the precise sentence that will be imposed, and that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offense as set forth in this plea agreement. With this understanding and in consideration of the government's entry into this plea agreement, I expressly waive my right to appeal or to contest my conviction

4

and all components of my sentence or the manner in which my conviction or my sentence was determined or imposed, to any Court on any ground other than a claim of ineffective assistance of counsel, including any appeal under Title 18, United States Code, Section 3742 or any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255. I also agree to waive all rights, whether asserted directly or through a representative, to, after sentencing, request or receive from the United States any further records, reports, or documents pertaining to the investigation or prosecution of this matter; this waiver includes, but is not limited to, rights conferred by the Freedom of Information Act and the Privacy Act of 1974. Further, I acknowledge that I have received all discovery required by law prior to the entry of this plea and that I have reviewed the same with my lawyer.

    (f)    Any agreement which follows in this sub-paragraph is submitted to the Court pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure and is not binding upon the Court; I understand this means that if the Court refuses to follow the recommendations set forth in this sub-paragraph, I will not be allowed to withdraw my guilty plea:

    (1)    The United States of America and I agree that in recognition of my acceptance of responsibility for my offense conduct, I am entitled to a two-level reduction in offense level; the United States of America and I further agree that I have assisted authorities in the investigation or prosecution of my own misconduct by timely notifying the United States Attorney's Office of my intention to plead guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently, and we agree that if my offense level is 16 or greater, the government will move at sentencing for me to receive an additional one-level reduction in offense level; however, the government's obligation to recommend acceptance of responsibility under this plea agreement is contingent upon my continuing manifestation of acceptance of responsibility; should I deny my involvement, give conflicting statements of my involvement, or engage in additional criminal conduct including any personal use of controlled substances, the government shall not be bound to recommend any reduction in offense level for acceptance of responsibility; I further understand the Court is not bound by this

        recommendation and that the Court makes the final decision regarding my receipt of a reduction in offense level for acceptance of responsibility.

    (2)    I further understand that the Court is not bound by these recommendations, that the Court makes the final decision regarding my receipt of a reduction in offense level for acceptance of responsibility, and that I am not entitled to withdraw this guilty plea if the Court decides not to accept these recommendations.

(g)    I understand that the government has reserved the right to tell the Court the good things about me and the bad things about me, and to fully inform the Court of the nature and extent of my offense as well as the full extent of my criminal history.

(h)    Other than what is contained in this plea agreement, no predictions, promises, or representations have been made to me as to the specific sentence that will be imposed or any other matter.

10.    I am prepared to state to the Court my reasons based on the facts in this matter that cause me to believe that I am GUILTY as charged.

11.    I believe and feel that my lawyer has done all that anyone could do to counsel and assist me, and that I now understand the proceedings in this case against me.

12.    I declare that I offer my plea of GUILTY freely and voluntarily and of my own accord, and no promises have been made to me other than those contained in this petition, nor have I been threatened in any way by anyone to cause me to plead GUILTY in accordance with this petition.

13.  I understand and acknowledge that this petition, once filed with the Court, is a public document and available for public viewing.

                s/ Myron Shaw
                Myron Shaw
                Defendant

                s/ Charles Hayes
                Charles Hayes
                Attorney for Defendant

APPROVED:

CLIFFORD D. JOHNSON
UNITED STATES ATTORNEY

By:   s/ Lydia T. Lucius
       LYDIA T. LUCIUS
       Assistant United States Attorney
       M01 Robert A. Grant Federal Bldg.
       204 S. Main Street
       South Bend, Indiana 46601
       Tel:  (574) 236-8287
       Fax:  (574) 236-8155
       E-mail:  Lydia.Lucius@usdoj.gov