UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Cause No. 3:24-cr-84-CCB |
| ) | |
| MYRON SHAW ) | |

**UNITED STATES' SENTENCING MEMORANDUM**

Comes now the United States of America, by its counsel, Tina L. Nommay, Acting United States Attorney for the Northern District of Indiana, through Lydia T. Lucius, Assistant United States Attorney, to submit the following memorandum in preparation for the sentencing hearing in this case.

**I.   The nature and circumstances of the offense.**

On August 2, 2024, Myron Shaw, a convicted felon, went to a licensed firearms dealer ("FFL") in Mishawaka to look at a Ruger rifle. While in the store, he handled the gun, looked it over, and shouldered it. After possessing the firearm, he asked the salesperson to put the gun on layaway. He came back to the store on October 3, 2024 to finalize the purchase of the firearm. In completing the ATF Form 4473, Shaw answered that he had never been convicted of a felony offense. His answer was false, and he was denied transfer of the firearm. During an interview with the ATF, Shaw acknowledged that he was a convicted felon, and he told investigators that he wanted to purchase the rifle for squirrel hunting.

## II.    The defendant's history and characteristics.

Shaw presents at sentencing with a robust criminal history though many of his convictions garner no points under the guidelines due to their age. Indeed, fifteen of his seventeen convictions were committed before the year 2000. His criminality involves a myriad of offenses, including assault, illegal transportation of alcohol, several incidences of theft and burglary, cannabis possession, possessing a firearm, and criminal trespass. The two convictions that land him in criminal history category III involve burglary. In December 2005, he was sentenced to 5 years in prison after robbing a towing service. His term of imprisonment for that conviction was tumultuous and marred with seven conduct violations. He was released in March 2008, but a little over six months later, he was held on new charges and a parole violation for committing another burglary (and his second countable conviction under the guidelines).

In September 2008, Shaw broke into the victim's home and robbed the victim of various medications. Shaw tried to escape on his moped, and when the victim confronted him, Shaw drug the victim for several feet as he tried to get away. Shaw was sentenced to 12 years in prison and was found guilty of 22 conduct violations while incarcerated. He was released from parole in September 2016 and had no new convictions or arrests between then and the present case.

Shaw, aged 70, was born the youngest of four children. Both of his two brothers passed away before reaching the age of 21, and his sister died several years ago. His daughter has been his primary caretaker, and he enjoys spending time with his granddaughter. He has suffered from serious medical issues over the past several months, including a second stroke that involved hospitalization and placement at a nursing home. He reported past struggles with substance use—struggles that are perhaps still present to date—but he has previously expressed a desire to remain sober.

### III.  The seriousness of the offense, just punishment, deterrence, and respect for the law.

For this offense, Shaw misrepresented to an FFL that he was a convicted felon. Though he was not ultimately able to purchase the rifle, his offense conduct nevertheless involved felonious possession of one. His lengthy criminal history, as highlighted above, is also an aggravating factor on this record. He is a benefactor of time, given that several of those prior convictions do not result in any countable offenses for guideline purposes. Nevertheless, there are also several mitigators on this record that place Shaw in a unique position.

In December 2017, the United States Sentencing Commission published its findings in a report titled *The Effects of Aging on Recidivism Among Federal Offenders*. The report found that "[o]lder [federal] offenders were substantially less likely than younger offenders to recidivate following release" and that

"[a]ge exerted a strong influence on recidivism across all sentence length categories". USSC, *The Effects of Aging on Recidivism Among Federal Offenders* at 3, available at https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research-publications/2017/20171207_Recidivism-Age.pdf (last visited June 5, 2025). That is not to say that age slows down every federal defendant because it does not. But this record seemingly supports the contention that age (or perhaps common deteriorating effects age can have on the body) has exerted some influence over Shaw. He is 70 years old, has had some medical struggles throughout his life, including serious hospitalizations in recent months, He also receives monthly disability payments. Additionally, the preamble to this federal offense was not a recent arrest or conviction but rather occurred nearly eight years after his latest parole release in September 2016.

Notwithstanding the criminality of this federal violation, the guidelines account for the fact that Shaw possessed this firearm for squirrel hunting purposes, as opposed to having some violent or malicious intent to use it to harm others. *Cf.* 18 U.S.C. § 3553(a)(2)(C). Given his struggles with controlled substances, some assistance (and accountability) from a term of federal supervision may very well assist him in obtaining the treatment he needs in a non-custodial setting. *See* 18 U.S.C. § 3553(a)(2)(D). He has also received

family support and aid. On this record, a sentence of confinement does not appear necessary to deter him from re-offending or promoting respect for the law. *See* 18 U.S.C. §§ 3553(a)(2)(A), (a)(2)(B).

## IV. The government's sentencing recommendation.

The government recommends a sentence of time served followed by a 1-year term of supervised release.

Respectfully submitted,

TINA L. NOMMAY
ACTING UNITED STATES ATTORNEY

By: *s/ Lydia T. Lucius*
LYDIA T. LUCIUS
Assistant United States Attorney
M01 Robert A. Grant Federal Bldg.
204 S. Main Street
South Bend, Indiana 46601
Tel:   (574) 236-8287
Fax:   (574) 236-8155
E-mail:  Lydia.Lucius@usdoj.gov